IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME L. GRIMES                             *

Plaintiff,                                   *

      v.                                        *    Civil Action No. PX-17-991

MRS. ENGRAM (Clerk Process II Supervisor) *
JANE DOE (Clerk Process II)
DISTRICT COURT OF MONTGOMERY              *
  COUNTY(Clerk's Office)
                                                                                                             *

Defendants.
                                                                *****

MEMORANDUM

The above-captioned complaint was filed by Jerome Grimes on April 10, 2017, together with a motion to proceed in forma pauperis. ECF Nos. 1 & 2. Grimes is confined at the Escambia County Jail in Pensacola, Florida.

Grimes' pro se action appears to complain that on March 8, 2017, defendants "covertly" filed a false bomb threat or "bomb topic of discussion" with the Rockville, Maryland Police Department to obtain illegal arrest and extradition warrants and to conduct an illegal seizure of Grimes' personal property. Grimes generally references a case filed in the United States District Court for the Western District of Louisiana, discusses traffic court cases allegedly filed against him in Montgomery County, Maryland, and mentions his arrest and extradition on bomb threats and its connection to "covert post-World Trade Center (WTC) terrorism against small business owners seeking to do business with the WTC…" ECF No. 1, pp. 3-4. Grimes asks that criminal charges be filed against defendants and that they be required to submit to a polygraph test. He further asks that the bomb threat extradition be "quashed," so that he can return to graduate

school, and that he be awarded damages. *Id*., p. 4-5

The only Montgomery County cases involving Grimes relate to traffic incidents occurring in 2016.[1] Further, the court has examined the Public Access to Court Electronic Records ("PACER") involving federal cases. It takes judicial notice that Grimes is litigious and has filed hundreds of cases in the federal courts. In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Further, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al*,. Civil Action No. CW (PR)-07-

---

[1] The court has examined the court docket for Montgomery County, Maryland, which reflects Grimes having been cited for several traffic violations to include failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court For Montgomery County); *see* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

1726 (N.D. Cal.). Additionally, in the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Given Grimes' filing history in the federal courts, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant complaint is rambling and incoherent, and Grimes does not allege that he is under imminent danger of serious physical injury. Grimes is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. Further, a complaint filed with an indigency application must establish that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.

Date: May 3, 2017                              /S/
                                               Paula Xinis
                                               United States District Judge

3